SIMON MEISEL, PLAINTIFF AND APPELLANT, v. THE MER-
CHANTS NATIONAL BANK OF NEWARK, DEFENDANT
AND RESPONDENT.

Submitted July 7, 1913—Decided November 17, 1913.

1. A note was given to a bank, and contained besides the promise
to pay $300, a recital that certain shares of stock had been
deposited with the bank as collateral security, and also provided
that "if recourse is had to the collaterals, any excess of collaterals
upon this note shall be applicable to any other note or claim
held by said bank against me." Thereafter the maker executed
and delivered to the bank another note for $275, and before the
maturity of either, assigned to another person his equity in the
collateral. When the $300 note fell due such assignee tendered
$300 to the bank and demanded the collateral. *Held*, that the
pledge was available for the payment, not only of the $300
note, but also for the payment of the unmatured note for $275,
and that the bank was justified in refusing to deliver the col-
lateral.
2. A judgment brought up for review will be affirmed if correct on
any legal ground, though another reason was relied upon in the
court below.
3. A pledgor, or his assignee, is not entitled to recover the property
itself by an action of replevin or other possessory action without
making and keeping good a tender of the debt.

On appeal from a judgment of the Supreme Court.

For the appellant, *George E. Clymer*.

For the respondent, *Riker & Riker*.

The opinion of the court was delivered by

TRENCHARD, J.    The plaintiff's assignor, one Benjamin
Buchbinder, borrowed $300 from the Merchants National
Bank of Newark, for which he executed the following in-
strument:

"$300.00.            NEWARK, N. J., 23rd March, 1911.
"Three months after date, I promise to pay to The Mer-
chants National Bank of Newark, or order, at the banking

house of said bank, three hundred 00/100 dollars, for value received, having deposited with said bank as collateral security, five shares American National Bk. No. 124, which I hereby authorize said bank or its president or cashier to sell, without notice, at the Board of Brokers, or at public or private sale, at the option of said bank, or of its president or cashier, in case of the non-performance of this promise, applying the net proceeds to the payment of this note, including interest, and accounting to me for the surplus, if any. In case of deficiency, I promise to pay to said bank, the amount thereof forthwith after such sale, with legal interest; and it is hereby agreed and understood, that if recourse is had to the collaterals, any excess of collaterals upon this note shall be applicable to any other note or claim held by said bank against me, and in case of any exchange of, or addition to, the collaterals above named, the provisions of this note shall extend to such new or additional collaterals.

"Due June 23rd.                BENJAMIN BUCHBINDER."

Thereafter Buchbinder executed and delivered to the same bank another note for $275, in renewal of some previous indebtedness, and then, before the maturity of either note, assigned his equity in such stock so held by the bank to the plaintiff, Simon Meisel. When the note for $300 fell due, Meisel tendered to the bank the sum of $300, and demanded delivery of the stock certificate. The bank refused to deliver the certificate, claiming the right to hold it as security for the payment of the unmatured note for $275. Meisel thereupon brought this action in replevin to obtain possession of the certificate. The judge at the Essex Circuit, sitting without a jury, gave judgment for the defendant and the plaintiff appeals.

We think the judgment must be affirmed.

The instrument dated March 23d, 1911, is the contract between the parties. By it their rights are to be determined. Reading the contract as a whole, we regard the pledge as available for the payment, not only of the note for $300, but also of "any other note or claim held by said bank," that is,

for the payment of the note for $275. The contract did not require that there should be an actual foreclosure of the pledge by sale. There was "recourse to the collaterals" when Meisel sought to redeem. It was not a payment by Buchbinder, but substantially a payment out of the collateral. The bank, therefore, properly refused the tender, coupled, as it was, with a demand for the return of the certificate. Such, in effect, was the view of the learned trial judge.

Moreover, there is another view of the case which supports the judgment, and the rule is that a judgment will be affirmed, if correct on any legal ground, though another reason was relied upon in the court below. *Gillespie* v. *John W. Ferguson Co.,* 49 *Vroom* 470.

In our view the plaintiff's failure to keep his tender good precludes recovery in this action of replevin.

Let us assume that the certificate was wrongfully retained by the bank. Leaving out of view the equitable remedy, the plaintiff's remedy at law was either an action in the nature of replevin for the recovery of the certificate itself, or an action for conversion seeking damages for its detention.

The plaintiff chose replevin. Now the pledgor or his assignee is not entitled to recover the property itself by an action of replevin or other possessory action without making and keeping good a tender of the debt. 31 *Cyc.* 856. This is for the reason that since in the action of replevin the property passes out of the control of the defendant and into the custody of the sheriff, if the plaintiff were not required to tender the amount due and keep that tender good or pay the money into court, the defendant would be deprived not only of the securities held by him but also on any certainty of obtaining the amount due him. Of course, it is not necessary that the tender be kept good to enable the pledgor to avail himself of it as a defence to an action by the pledgee to enforce the collateral (31 *Id.* 853), nor is tender necessary to the maintenance of an action to recover the proceeds, or for a conversion. 31 *Id.* 856. But these principles have no application here because this is an action of replevin.

The result is that the judgment below will be affirmed.

PARKER, J. (concurring). I vote to affirm the judgment on the second ground stated in the prevailing opinion, viz., that the tender was not kept good; but am unable to agree that anything shown in the case constituted a "recourse to the collateral" according to the intent and meaning of the stock note relied on.

Judge White authorizes me to say that he shares this view.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 14.

*For reversal*—None.