19 N.J. Super. 397 (1952)
88 A.2d 529
STATE OF NEW JERSEY, DEPARTMENT OF CONSERVATION AND ECONOMIC DEVELOPMENT, PLAINTIFF-APPELLANT,
v.
ARTHUR J. CALE, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 28, 1952.
Decided May 7, 1952.
*398 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Henry F. Schenk, Deputy Attorney-General, argued the cause for appellant (Mr. Theodore D. Parsons, Attorney-General of New Jersey, attorney).
*399 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The complaint was filed in the Municipal Court of Bay Head-Mantoloking to recover a penalty. It charged the defendant with careless operation of his power vessel in violation of R.S. 12:7-35(a) and R.S. 12:7-35(f). The magistrate found the defendant not guilty of violation of R.S. 12:7-35(f) and guilty of violation of R.S. 12:7-35(a), and fined him $50 and costs. The defendant appealed to the County Court. After trial de novo in the County Court, the defendant was found not guilty of violation of R.S. 12:7-35(a), thus reversing the conviction in the Municipal Court. The State appeals.
R.S. 12:7-35, in pertinent part, provides:
"In addition to the powers conferred upon the Board of Commerce and Navigation by the provisions of Title 12 of the Revised Statutes, the said Board of Commerce and Navigation is hereby authorized and empowered to establish these rules and regulations to govern the operation, docking, mooring and anchoring of power vessels and all other craft navigating the Inland Waterway within the confines of the State of New Jersey.
(a) The speed of power vessels shall at all times be regulated so as to avoid danger or injury to all manner of floating craft either by the effect of the wave or wash raised by power vessels through excessive speed or otherwise * * *."
The trial judge held that since the action was for a penalty for violation of a penal statute, the State had the burden of proving its case by "clear and convincing evidence." He concluded that the State had failed to carry this burden of proof and found the defendant not guilty. This was error.
A penalty proceeding such as this is essentially a civil suit (State Bd. Medical Examiners v. Giedroyc, 91 N.J.L. 61, 62 (Sup. Ct. 1918)); it is an ordinary civil action (Lowrie v. State Board of Dentistry, 90 N.J.L. 54 (Sup. Ct. 1917)); it is generally considered a suit which is conducted by ordinary civil proceedings (23 Am. Jur., Forfeitures and Penalties, § 85). The burden of proof in civil cases is customarily defined as being by a "preponderance of the evidence." 9 Wigmore on Evidence (3d ed. 1940), § 2498. While our courts have adopted this definition, they have *400 given it a content which overcomes the criticism leveled by Dean Wigmore at the definition standing alone. Cf. Jackson v. D., L. & W.R.R. Co., 111 N.J.L. 487, 490 (E. & A. 1933); Miller v. New Amsterdam Casualty Co., 94 N.J.L. 508 (E. & A. 1920); Riker v. John Hancock Mutual Life Ins. Co., 129 N.J.L. 508 (Sup. Ct. 1943).
The great weight of modern authorities is in favor of the rule that in penal actions it is sufficient if the plaintiff establishes the existence of the violation by a preponderance of the evidence and he is not required to prove it beyond a reasonable doubt. 23 Am. Jur., Forfeitures and Penalties, § 85; cf. 9 Wigmore on Evidence (3d ed. 1940), § 2498. The phrase "clear and convincing evidence" means more than a preponderance. See cases cited under 9 Wigmore on Evidence (3d ed. 1940), § 2498. In our own State, in a case in which the test to be applied was "clear, satisfactory and convincing" evidence (In re Calef, 109 N.J. Eq. 181 (Prerog. 1931)), affirmed 111 N.J. Eq. 355 (E. & A. 1932), certiorari denied sub nom. Neely v. Stacy, 288 U.S. 606, 77 L.Ed. 981 (1933)), the court said: "* * * the line of demarcation between what is `clear, satisfactory and convincing' and that which removes `all reasonable doubt' is more fanciful than real."
However, a judgment will be affirmed, if correct on any legal ground, though another reason was relied upon in the court below. Meisel v. Merchants National Bank, 85 N.J.L. 253 (E. & A. 1913); Dikowski v. Metropolitan Life Ins. Co., 128 N.J.L. 124 (E. & A. 1942); 5 C.J.S., Appeal & Error, § 1849.
Here there is a ground upon which the action of the trial court may be sustained. R.S. 12:7-35(a), standing alone as here, does not make compliance with subdivision (a) a requirement. It goes no further than to authorize and empower the Board of Commerce and Navigation to establish a rule making compliance therewith a requirement. Since there can be no violation of the statutory provision, standing alone, there can be no valid conviction of a violation thereof.
Judgment affirmed.