163 N.J. Super. 210 (1978)
394 A.2d 412
AMERICAN PAINT AND FLOOR COVERING AND J.D., PLAINTIFFS,
v.
PUBLIC SERVICE ELECTRIC & GAS COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 12, 1978.
*211 Mr. Joel Werbel for plaintiffs (Messrs. Methfessel and Werbel, attorneys).
Mr. Henry L. San Giacomo for defendant (William S. Smith, attorney).
*212 MORTON I. GREENBERG, J.S.C.
Plaintiffs American Paint and Floor Covering, a corporation, and its owner, J.D., have brought this action against Public Service Electric and Gas Company for property damages caused in a fire and explosion on May 21, 1974. The corporate plaintiff operated a retail business in the building which was apparently owned by J.D. in Hamilton Township, Mercer County. The property was substantially destroyed in the incident. The case is currently being tried on the issue of liability before a jury. Liability is sharply disputed. Plaintiffs are proceeding on the theory that defendant was negligent in installation of a service line from the street. Defendant attributes the explosion to plaintiffs' action in disconnecting a gas heater without cutting off the gas thus leaving an open line. J.D. has testified. Defendant desires to use his record of criminal convictions on sex charges in 1950 and 1957 and possession of explosives with intent to use them unlawfully in 1957 to affect his credibility. See N.J.S.A. 2A:81-12. Plaintiffs object, citing State v. Sands, 76 N.J. 127 (1978).
In State v. Sands, supra, the Supreme Court held that in a criminal case the use of a prior conviction against a defendant who testifies to affect his credibility rests within the discretion of the trial judge who could exclude the testimony on the basis of remoteness. The opinion by its terms applies only to impeachment of criminal defendants, yet by its logic it could be extended to any witness since the court cited Evid. R. 4 as the source of the discretion to exclude the evidence. 76 N.J. at 144. That rule applies in civil cases. Bonnet v. Stewart, 68 N.J. 287, 299 (1975).
But this court believes that the holding in Sands should not be extended by a trial judge. The Supreme Court was concerned about a jury convicting a defendant because of his past record. 76 N.J. at 141. The court further noted that some defendants might decline to testify if their records could be shown. 76 N.J. at 142. While a jury might be prejudiced in a civil case against a litigant with a criminal background, the chances seem diminished from the possible *213 prejudice in a criminal case. By the same reasoning this court believes that the chilling effect of the record being shown is less likely to inhibit a person with a record from testifying in a civil than in a criminal case. The court further notes the precise language of the Supreme Court in limiting its decision to criminal defendants. 76 N.J. at 144 and 147. While it is true that the court did not expressly exclude the possibility of the holding applying to other witnesses, it certainly gave no indication that it intended a broader application. It should also be pointed out that the concurring opinion of Justice Pashman indicates that the attention of the Supreme Court was on the criminal defendant. 76 N.J. at 147-148.
A holding that Sands only applies to criminal defendants is not anomalous. A distinction between criminal defendants and other litigants is frequently drawn. Thus an indigent criminal defendant, unlike a civil litigant, has a right to assigned counsel. Judice's Sunshine Pontiac, Inc. v. General Motors Corp., 418 F. Supp. 1212, 1222, n. 34 (D.N.J. 1976); Rodriguez v. Rosenblatt, 58 N.J. 281, 285 (1971). In a criminal case the verdict must be unanimous; in a civil case a five-sixths verdict is lawful. N.J. Const. (1947), Art. I, ¶ 9; N.J.S.A. 2A:80-2. A criminal defendant has a privilege not to be called as a witness. Evid. R. 23(1). Criminal but not civil litigants are entitled to the procedural guarantees of N.J. Const. (1947), Art. I, ¶ 10. Further a criminal defendant must be guilty beyond a reasonable doubt or be acquitted. State v. D'Orio, 136 N.J.L. 204, 208 (E. & A. 1947). Ordinarily, in a civil case a preponderance of the evidence suffices. State v. Cale, 19 N.J. Super. 397 (App. Div. 1952). Recently, in In re Farber, 78 N.J. 259 (1978), the Supreme Court held that the right to compulsory process superseded the newsmen's privilege in a criminal case. There was no indication that the ruling would have applied in a civil case.
In a trial between the State and a criminal defendant the policy of avoiding the conviction of an innocent defendant *214 is of special importance. No such policy considerations apply in private litigation where the consequences of the judgment differ in quality.
Finally, it should be noted that our law has for many years permitted any witness to be impeached with his criminal record. See State v. Sands, 76 N.J. at 134-136. Nevertheless the Legislature has not repealed N.J.S.A. 2A:81-12. While the failure to act is not dispositive, State v. Sands, 76 N.J. at 137-138, n. 1, in a case not involving the rights of a criminal defendant it may be entitled to some weight. See Lemke v. Bailey, 41 N.J. 295, 301 (1963).
For the foregoing reasons the use of the convictions to impeach the individual plaintiff will be allowed.