177 N.J. Super. 397 (1981)
426 A.2d 1053
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MANUS HARKINS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 3, 1981.
Decided February 19, 1981.
*398 Before Judges BOTTER, KING and McELROY.
Stanley C. Van Ness, Public Defender, attorney for appellant (Richard M. Flexner, designated attorney, of counsel and on the brief).
John J. Degnan, Attorney General, attorney for respondent (Wayne J. Martorelli, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by BOTTER, P.J.A.D.
*399 The principal issue on this appeal is whether the rule of State v. Sands, 76 N.J. 127 (1978), that a trial judge has discretion to exclude evidence of prior convictions offered to impeach the credibility of a defendant, applies only to criminal defendants who testify or to other witnesses as well. The only related reported opinion on this subject is by Judge Morton I. Greenberg, then sitting in the Law Division, who held that the State v. Sands rule does not apply to a defendant in a civil case but should be limited to the situation where a criminal defendant takes the stand. American Paint & Flooring Covering v. Public Service Electric & Gas Co., 163 N.J. Super. 210 (Law Div. 1978). Thus, Judge Greenberg eschewed the exercise of discretion to determine whether the convictions of a witness in a civil case should be excluded because of remoteness in time, although he noted that the logic of State v. Sands "could be extended to any witness since the court cited Evid.R. 4 as the source of the discretion to exclude the evidence. 76 N.J. at 144." Id. at 212.
On the basis of the reasoning of the court in State v. Sands, we conclude that a trial judge has discretion pursuant to Evid.R. 4 to exclude proof of prior convictions offered to affect the credibility of any witness. Therefore, we must consider the application of this rule to the case at hand.
In the case before us defendant was convicted by a jury of resisting arrest and possession of a dangerous weapon, an axe. He was not found guilty of assault and battery on a police officer. The factual background can be set out briefly. The State introduced evidence to show that at about 11:15 p.m. on July 13, 1977 defendant and a companion were observed by a police officer in a park known as Pershing Field in Jersey City. Defendant was wielding an axe above his head while shouting threats to a group of men at the basketball court. As the police officer put his motorcycle in gear to approach defendant and his companion, both fled, and the officer pursued them. When defendant and his companion reached a black Chevrolet parked *400 beyond the wall of the park, defendant opened the trunk of the car with his key, deposited the axe in the trunk, and closed the lid. A number of officers arrived simultaneously. Defendant was seized and frisked for weapons, his key was used to open the trunk, and the axe was retrieved. There was evidence that when he was placed under arrest defendant physically resisted and a struggle ensued. Another individual intervened in the scuffle and he too was placed under arrest.
Defendant testified that he and four friends were merely standing by his automobile when he was approached by police officers who ordered him to open the trunk of his vehicle and started to manhandle him. The police used his key to open the trunk and found a long-handled axe and other tools in the trunk of his car. Defendant was arrested, handcuffed behind his back, and placed in a squad car. Defendant claims that he did not resist arrest but that, while in the car with another individual who was also arrested, an argument ensued and defendant was attacked and violently beaten by several police officers, resulting in injuries which required medical treatment (these were corroborated by photographs at the trial). He testified that he had loaned his car previously to his brother who apparently put the axe in the trunk, but he knew it was there before the police opened the trunk. He also testified that he used axes for his "scrap metal" work.
Willie John Hall was called by defendant to corroborate his version of the incident. Hall was present when defendant was arrested. Hall had asked defendant and three other friends to accompany him that night when he went to see someone in the park who had previously given Hall some trouble and who owed him money. Before Hall testified, defense counsel asked the court to rule that Hall's prior criminal convictions could not be used to impeach him. He had previously been convicted in 1966 for assault with intent to rob and in 1969 for breaking and entering and malicious damage to property. Defense counsel urged that these convictions were remote and were irrelevant to *401 this incident which occurred years later. The trial in question was held on March 27, 1979.
The trial judge ruled that the holding in State v. Sands, supra, applied only to a case where a defendant "takes the stand" and that defendant would not be unduly prejudiced if convictions were used to affect the credibility of a witness other than himself. Nevertheless, the trial judge also suggested that he might preclude the use of a very old conviction of a mere witness. He stated:
If it was about twenty years or so ago, I would say yes. But I don't see any great problem with a conviction ten years ago for a witness, witness only, not a defendant who takes the witness stand.
Thus, despite his interpretation of State v. Sands, supra, the trial judge indicated that he would not exclude a conviction which was ten years old on grounds of remoteness when offered against a witness who was not a criminal defendant.
We concur with the result reached below, but write to express our view that the trial judge has discretion to exclude proof of a conviction of a witness, as well as a criminal defendant, where the probative value of the conviction as to credibility is outweighed primarily by the danger of undue prejudice. Evid.R. 4. (As to the other factors mentioned in Evid.R. 4, see State v. Hawthorne, 49 N.J. 130, 144-145 (1967) (Chief Justice Weintraub concurring).) We think this result follows the reasoning of our Supreme Court in State v. Sands. While Sands involved the use of a conviction to impeach a criminal defendant, and the special potential for prejudice to a defendant was mentioned, 76 N.J. at 142, n. 3, the historical and logical analysis in Sands clearly applies to all witnesses.
The use of a conviction to affect the credibility of a witness is authorized by N.J.S.A. 2A:81-12. The statute, by its terms, applies to any witness:
For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence....
*402 As Sands points out, 76 N.J. at 133, this statute "was modeled after section 9 of an 1874 act revising the law of evidence." Rev.Laws of N.J. (1709-1877), at 378, 379. Section 1 of the 1874 act provided that no person offered as a witness in any action, civil or criminal, shall be excluded by reason of his having been convicted of a crime, "but such conviction may be shown ... for the purpose of affecting his credit." The 1874 act repealed a 1799 act that disqualified as potential witnesses persons who had committed certain crimes, State v. Sands, supra at 135, and substituted the use of convictions for impeachment purposes only. Earlier, by L. 1871, c. 40, § 1, the Legislature had eliminated the common law rule which disqualified a criminal defendant from testifying on his own behalf. Similarly, § 3 of the 1874 act continued the provisions of L. 1855, c. 236, and L. 1859, c. 166, which had removed certain common law disqualifications of parties and witnesses because of their interest in the cause and substituted the right to show that interest to affect credibility. Thus, once parties and witnesses were no longer disqualified from testifying because of their interest in the cause or criminal convictions, N.J.S.A. 2A:81-12 merely combined in one statute, as the 1874 act had done, interest and criminal convictions as bases for impeachment. See State v. Sands, supra at 139.
N.J.S.A. 2A:81-12 provides that such evidence "may be shown," but as Sands points out (at 140), "Our courts have historically exercised their discretion with respect to the admissibility of interest evidence." Thus, one rule has come to apply to all witnesses in civil and criminal cases, despite historical differences in the treatment of criminal defendants, parties to civil actions and others. If the Legislature did not intend an absolute rule of admissibility of a defendant's conviction in a criminal trial, as Sands held, there is no reason to suppose such a legislative intent with respect to any other witness. Therefore, judicial discretion embodied in Evid.R. 4 remains.
The trial judge in Sands felt bound by State v. Hawthorne, supra, to admit proof of prior convictions of a codefendant, *403 Sheldrick, who testified in his own behalf. Reviewing those convictions the Supreme Court held that "sound discretion clearly warranted admissibility of all the prior convictions."
Here, the trial judge thought that he had no discretion, but he indicated that he would not exclude proof of witness Hall's prior convictions, in any event, on the grounds of remoteness. We concur in that reasoning. This was not a case of a witness having only one ancient conviction. As Justice Schreiber noted in State v. Sands, multiple convictions evidence a contempt for the law and may reflect upon one's veracity under oath. Moreover, the likelihood of prejudice to a defendant is not as great when the prior conviction of his witness is shown as compared with defendant's own prior conviction. There, the potential to confuse credibility with criminal propensity magnifies the risk of harm.
"Ordinarily evidence of prior convictions should be admitted and the burden of proof to justify exclusion rests on the defendant." State v. Sands, supra, 76 N.J. at 144. Thus, we conclude that the discretion possessed by a trial judge did not require exclusion of Hall's convictions in this case.
Defendant also contends that the sentence imposed was excessive. Originally he was sentenced to two concurrent six-month terms of which three months were to be jail time and the balance suspended, with probation for two years following his release from jail. However, an amended judgment entered 20 days later changed the sentence to two concurrent three-month terms with the custodial portion limited to time already served, the balance suspended, and two years of probation. Considering the modification of the sentence to time served, and defendant's prior record, we find no abuse of discretion. See State v. Whitaker, 79 N.J. 503, 512-517 (1979).
Affirmed.