STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOYCE BALTHROP, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 24, 1981—Decided April 21, 1981.

Before Judges FRITZ, POLOW and JOELSON.

*Stanley C. Van Ness*, Public Defender, attorney for appellant (*Steven M. Gilson*, designated counsel, of counsel and on the brief).

*John J. Degnan*, Attorney General of New Jersey, attorney for respondent (*Donald S. Coburn*, Essex County Prosecutor, of counsel; *Kevin Rittenberry*, Assistant Essex County Prosecutor, on the brief).

The opinion of the court was delivered by

POLOW, J. A. D.

An Essex County trial jury found defendant, as an accomplice, guilty of assault with intent to rob and aiding and assisting the escape of the actual perpetrators of the crime. She was sentenced to 18 months in the Essex County Correction Center, one year of which was suspended in favor of a probationary term.

Three prosecution witnesses, Gloria Larkin, Charles Sutton and Weldon Grady, identified defendant as the driver of the purported getaway vehicle, a gold or yellow Volkswagen, based upon observations from apartment windows at about four o'clock in the morning. On cross-examination Larkin conceded that she was unable to carefully observe the driver of the vehicle but positively identified the car as the vehicle she had seen defendant driving earlier in the day. Grady identified the scarf worn by the driver as similar to the one defendant had worn earlier in the evening. Sutton modified his direct testimony identifying defendant as the driver by his statement on cross-examination that he did not see defendant driving the vehicle although the driver was a young woman. Defendant

denied her presence in the vehicle at the time of the offense and produced three corroborative witnesses. The testimony of each, including her mother and brother, lent varying degrees of support to defendant's claim that she was home in bed when the crime was committed.

Upon the State's application the court excluded the use of prior convictions to attack the credibility of Larkin and Sutton. The trial judge, concluding that *State v. Sands*, 76 *N.J.* 127 (1978), vested him with such discretionary authority, ruled that the respective five- and eight-year-old narcotics convictions were too remote and thus inadmissible. Defendant disagrees and argues that the discretion authorized by *Sands* applies only to a defendant as a witness in a criminal trial and that in any event the trial judge erred in declaring the convictions too remote. She contends that had she been allowed to elicit testimony regarding the two witnesses' prior convictions, "their credibility—weak as it was—would have been destroyed in the minds of the jurors." Since the only evidence of her involvement was contained in the testimony of the three prosecution witnesses who identified her as the driver, and since Grady admitted on cross-examination that he "lied" to police in reporting that he had seen nothing, we conclude that if the excluded testimony had been introduced, the jury may have arrived at a result it otherwise might not have reached. Under the circumstances, we are satisfied that the prior criminal convictions of Larkin and Sutton should not have been excluded. Accordingly, we reverse and remand for a new trial.

*N.J.S.A.* 2A:81–12 provides in pertinent part:

> For the purpose of affecting the credibility of any *witness*, . . . his conviction of any crime may be shown by examination or otherwise . . . . [Emphasis supplied]

As acknowledged by both sides, the statute's applicability clearly is not limited solely to the defendant in a criminal trial. Rather, the provision applies to all witnesses. In *Sands*, of course, the Supreme Court ultimately addressed the problem in the context of use of prior criminal convictions against a

defendant charged with a criminal offense. Still, the scope of the discussion contained in both the majority and concurring opinions goes beyond concern for the rights of a criminal defendant. Both opinions examine the generally broad discretion of a trial judge "in controlling the scope of cross-examination to test credibility." *State v. Sands, supra,* 76 *N.J.* at 140, 148. *See American Paint v. Public Serv. Elec. & Gas Co.,* 163 *N.J.Super.* 210 (Law Div. 1978). The *Sands* court specifically overruled *State v. Hawthorne,* 49 *N.J.* 130 (1967), which had theretofore provided authority for use of prior criminal convictions, regardless of their age, "to affect credibility." *Id.* at 140. The *Sands* ruling is, by its own terms, specifically applicable to the criminal defendant by the statement, "We hold that whether a prior conviction may be admitted into evidence against a *criminal defendant* rests within the sound discretion of the trial judge . . . ." *State v. Sands, supra,* 76 *N.J.* at 144 (emphasis added). Nevertheless, we conclude that *Sands* was intended to authorize exclusion of prior convictions to affect witnesses' credibility where their probative value is outweighed by a substantial danger of prejudice, undue consumption of time or confusion. *Evid.R.* 4; *State v. Harkins,* 177 *N.J.Super.* 397, 403 (App.Div. 1981). For the reasons stated below, we are unable to discern a basis for exercise of discretion to exclude the prior convictions in these circumstances, grounded on a substantial danger of prejudice, delay or confusion.

In *Sands* certification was granted specifically for the purpose of reexamining *Hawthorne.* Both cases involved the applicability of the statutory authorization to use prior criminal convictions of a defendant in a criminal trial "for the purpose of affecting . . . credibility." *Id.* at 139. The concern expressed in *Sands* and the motivation for its holding was that admissibility of criminal defendants' prior convictions "unquestionably discourages many defendants from taking the stand." *Id.* at 142. On the other hand, by providing discretion in the trial judge, a fairer trial *for the defendant* may be insured "by allowing exclusion of a remotely related conviction with its tendency to

lead the jury to believe that defendant has a criminal disposition." *Id.* at 141.

Those particular considerations are inapplicable here. In fact, in this case the concerns expressed by the Supreme Court have been strained to justify a ruling which results in lack of fairness to this defendant in a criminal trial. The criminal disposition a jury might implicate to two prosecution witnesses could logically have had only one potential in this trial—its effect, if any, on the credibility of those witnesses. It is defendant's liberty which is at stake, not that of the witnesses. The prosecution witnesses, not being on trial, are in no danger of being tried for "past demerits." *See id.* at 150. Exercise of discretion to declare the relatively recent prior convictions inadmissible here is tantamount to a determination that prior narcotics convictions, five or eight years earlier, are too remote as a matter of law. No other special circumstances were noted. Our dissenting colleague states that Sutton, the "32 year old witness . . . convicted eight years previously for possession of narcotics . . . received a minor sentence . . . ." We note that the "minor sentence" included a six-month commitment to the Essex County Correction Center.

The *Sands* opinion contains the instruction that "[o]rdinarily evidence of prior convictions *should be admitted* and the burden of proof to justify exclusion rests on the [party seeking exclusion]." *Id.* at 144 (emphasis supplied). That party in the present instance is the State. We cannot find that the State has met the burden of proof imposed upon it. If, as indicated in *Sands, supra,* at 144, trial judges must be guided by *Evid.R.* 4 in the application of *N.J.S.A.* 2A:81-12 to criminal defendants or to any other witness, nevertheless, a balance must still be struck. A conviction which may be prejudicial in the case of the defendant himself, because it suggests a criminal disposition or discourages his taking the witness stand in his own defense, may well be admissible against prosecution witnesses. Declaring such convictions too remote may, itself, result in prejudice to the

defendant on trial. Hence, we agree with Judge Botter's conclusion in *State v. Harkins, supra,* that "the trial judge has discretion, to exclude proof of a conviction where ... [its] probative value ... is outweighed primarily by the danger of undue prejudice." Although the age of the prior conviction is not the sole criterion by which remoteness or prejudice must be measured, we note that the previous criminal record determined to have been properly admitted in connection with a witness' credibility in *Harkins,* a criminal trial, was older than that of either witness in the matter before us.

Under these circumstances, the court must weigh the possible embarrassment to the witnesses in the revelation of criminal convictions five or eight years earlier, against the defendant's statutory option to attempt to impeach the witnesses' credibility. The statute is not permissive in the sense of authorizing unbridled discretion to allow or exclude prior convictions to affect a witness' credibility. Although we agree with the dissent that the trial judge displayed a understanding of the guiding standards, there are no supporting specific findings to justify exclusion. The record discloses only his conclusion that "I see no reason why I should not exclude any conviction for a crime committed more than eight years ago" with regard to Sutton, and "I shall exclude ... a conviction ... [which] took place more than almost five years ago" with regard to Larkin "when she was 18 years of age ...." Furthermore, exclusion was ordered before either witness testified, without any attempt by the prosecution to justify it by a showing of undue prejudice. We suggest that such an application would be more appropriate when each witness' direct testimony has been completed.

*Sands* does not give the court absolute discretion to interfere with exercise of the statutory authority to use prior convictions to affect credibility unless the prejudice occasioned thereby outweighs its probative value or it might otherwise endanger the trial by confusion or delay. The court may, therefore, interfere only to prevent undue prejudice or as otherwise justi-

fied by application of Rule 4. "Meanwhile, we respect the Legislature's judgment, *N.J.S.A.* 2A:81–12, that in principle credibility may be affected by conviction of any type of crime." *Ibid.*

The State contends that even assuming, *arguendo*, that *Sands* does not provide authority for excluding cross-examination to reveal the two witnesses' prior criminal records, such error was harmless. *State v. LaPorte*, 62 *N.J.* 312 (1973). It argues that the testimony of Weldon Grady was sufficient to support the conviction. However, Grady testified that he did not see the face of the driver of the vehicle in question and, as indicated above, admitted that he had originally lied to the police when he stated that he had seen nothing. Hence, failure to allow the jury to consider the other two witnesses' previous criminal convictions with regard to their credibility and the weight of their testimony does "raise a reasonable doubt" as to whether the jury reached a result it might otherwise not have reached. *State v. Macon*, 57 *N.J.* 325, 336 (1971).

Reversed and remanded for a new trial.

JOELSON, J. A. D., concurring.

Although *Evid.R.* 4, which was relied upon heavily in *State v. Sands*, 76 *N.J.* 127 (1978), has normally been used in criminal cases for the protection of defendants, we have interpreted that rule so as to give a trial judge discretion to exclude evidence when its probative value is outweighed by its prejudice to the State. *State v. Wilbely*, 122 *N.J.Super.* 463, 467 (App.Div.1973), rev'd on other grounds, 63 *N.J.* 420 (1973). However, assuming that discretion to exclude evidence of a prior conviction of a State's witness is reposed in a trial judge, my colleague in the majority has correctly pointed out that *Evid.R.* 4 does not permit a judge to exercise discretion to exclude otherwise admissible evidence unless the danger of undue prejudice is "substantial." Certainly, the prejudice to the State by reason of admission of evidence of a prior criminal conviction of a State's

witness pales into insignificance when contrasted with the prejudice to a defendant himself by reason of admission of evidence of his prior criminal conviction. Furthermore, in applying the test of the substantiality of the risk, we must be mindful of a defendant's Sixth Amendment right to confront witnesses against him, which touches upon his right to attack and impeach the credibility of those witnesses.

Our dissenting colleague objects to what he terms a "different standard." However, the standard as to exclusion of evidence of *all* witnesses is the same under *Evid.R.* 4—*i. e.*, whether the probative value of the evidence is "substantially outweighed by the risk that its admission will ... create substantial danger of undue prejudice...." It is true that we do not wear blinders in applying the test to defendants' witnesses as opposed to State's witnesses. If that be construed as a different standard, so be it.

Furthermore, a careful instruction by the judge to the jury can adequately deal with any possible prejudice to the State. A judge who permits evidence of a prior conviction of a State's witness can still instruct the jurors that they should give it only such weight as is reasonable, given the nature of the crime and the age of the conviction. Such a charge, however, would be of little use to a defendant who testifies in his own behalf because it would be unlikely to erase from the minds of the jurors the thought that because the defendant had committed a crime before, he has a propensity to do so again.

I concur with my colleague in the majority that the trial judge mistakenly exercised his discretion when he excluded the evidence of a prior conviction, saying: "I see no reason why I should not exclude any conviction...." In so stating, the judge overlooked the need for the State affirmatively to justify exclusion, which it failed to do.

FRITZ, P. J. A. D. (dissenting).

To the extent the majority opinion is concerned for protection of the rights of a defendant, I agree. Indeed, as I have said

before, I have an overwhelming concern for the protection of the rights of both defendants and the public in criminal trials. *State v. Laganella,* 144 *N.J.Super.* 268, 284–285 (App.Div.1976), app. dism. 74 *N.J.* 256 (1976). To the extent that the opinion suggests, irrespective of its disavowal of the relevance of *State v. Sands,* 76 *N.J.* 127 (1978), in the circumstances here, that the fact nonparty witnesses (as contrasted with criminal defendants) "are in no danger of being tried for 'past demerits'" and therefore a different standard should be applied in the exercise of the discretion invested by *Sands,* I wholly disagree. The statute treats of only one class, *i. e.,* the "witness," be he plaintiff, defendant or nonparty witness. *See State v. Harkins,* 177 *N.J.Super.* 397 (App.Div.1981). To impose a different standard among members of that class is judicial legislation.

I realize that the availability of *Evid.R.* 4 cannot be urged as the whole solution to defendant's problems in a given case because this is a rule of exclusion. *Evid.R.* 4 is of little solace to a defendant who believes he has been shortchanged by the exclusion of evidence on cross-examination which he wants in.

Nonetheless, this is no reason to return to *State v. Hawthorne,* 49 *N.J.* 130 (1967), and compel the admission of prior convictions on an ostensible ground of protection of the rights of a defendant, which seems to be the thrust of the majority opinion despite the protestations that it is nothing more than a review of the exercise of discretion of the trial judge and a reversal on the basis of a mistaken exercise of that discretion.

Perhaps I do my colleagues an injustice. If they are saying, as I believe should be said, only that the judge must weigh the factors suggested by *Sands* in the exercise of his discretion to exclude this evidence which is statutorily competent and relevant (and therefore prima facie admissible), I cannot disagree. I have no difficulty with that as a legal proposition so long as that weighing is made under a blindfold respecting whether *the person testifying* is party or nonparty.

In other words, I see nothing to distinguish this case from any other involving a review of the exercise of discretion by the trial judge. The statute is not limiting as between party and nonparty witnesses. It does not increase or diminish any protection to which criminal defendants (or any other parties for that matter) are entitled. It merely provides for the admissibility of testimony.

And it is toward the end of evaluating the propriety of the exclusion of admissible evidence as a matter of discretion that I have applied myself in this case. I can do that without any regard for the statute because all the statute does is render the evidence of prior convictions of anyone who testifies admissible. *State v. Harkins, supra.* If I were satisfied that the majority opinion implied no more than this, my statement would have been unnecessary, at least in these respects.

I turn to the determination of the majority that the exclusion here was a mistaken exercise of discretion by the trial judge in any event. I am frank to say at the outset that, considering the given relevance and competence of the evidence, had I been sitting as a trial judge I probably would not have excluded it. But this is not our charge. In matters entrusted to the discretion of a trial judge we must not substitute our judgment for his. Even in criminal cases we merely review to determine if unreasonableness of the exercise requires our declaration that in our judgment the trial judge went wide of the mark, remaining careful on our part "to cope with the natural temptation of reviewing judges to substitute their subjective views for the judgment of a jury or other trier of fact." *State v. Whitaker,* 79 *N.J.* 503, 513 (1979). (See the scholarly and excellent comment of Justice Case in his concurring opinion in *Hager v. Weber,* 7 *N.J.* 201, 213 (1951).) Reversal of the exercise of discretion by a trial judge should follow only in cases of a clear abuse thereof. *Schweizer v. MacPhee,* 130 *N.J.Super.* 123 (App. Div.1974). We must, of course, remain aware and vigilant respecting our obligation to prevent any manifest denial of justice under the law. *See Dolson v. Anastasia,* 55 *N.J.* 2 (1969).

I have endeavored to apply these standards to the determination of the trial judge to exclude the evidence as measured by his findings and comments at the time. Although I might well have done otherwise from that which he did, I cannot characterize his views as a "clear abuse" of discretion. Clearly the trial judge knew and acknowledged controlling law. After commenting that "[i]t hardly seems fair to suppress such facts [of a prior conviction] and let him testify with the same credit as one who has led a more blameless life," the judge made abundantly clear, without arrogance or flamboyance, the standards by which he would be guided:

> Our rules of evidence prescribe a basic guideline for trial judges. Rule 4 reads the Judge may in his discretion exclude evidence he finds that its probative value is substantially outweighed by the risk its admission will either necessitate undue consumption of time or (B) create a substantial danger of undue prejudice or aura of confusing the issues or misleading the jury. This rule is in harmony with the present existing laws.
>
> More recently it is generally within the discretion of the trial court to exclude the remotely relevant evidence. The probative evidence of what is offset by the possible confusion of issues and danger of undue prejudice.
>
> We hold whether a prior conviction may be admitted into evidence against a criminal defendant rests within the sound discretion of the trial judge; his discretion is a broad one which should be guided by the considerations which follow. *Ordinarily, evidence of prior conviction should be admitted, the purpose to justify exclusion rests on the defendant.* The key to exclusion is remoteness. Remoteness cannot ordinarily be determined by passage of time alone. The nature of the conviction will probably be a significant factor. Serious crimes involving and including those involving lack of voracity [*sic*], dishonesty for fraud should be considered as having a weighter [*sic*] effect than, for example, a conviction of death by reckless driving. In other words, a lapse of the same time period might justify exclusion of evidence of one conviction and another.
>
> *The trial court must balance a lapse of time and the nature of the crime to determine whether the relevance with respect to the credibility outweighs the prejudicial affect [sic] to the defendant.* Moreover, it is appropriate for the trial court in exercising its discretion to consider intervening convictions between the past conviction and the crime for which the defendant is being tried.
>
> If a person has been convicted of a series of crimes through the years, then conviction of the earliest crime committed many years before as well as intervening convictions should be admissible. [Emphasis supplied]

He then applied this law to the facts at hand and, demonstrating his awareness of both pros and cons, decided in favor of exclusion in the cases of (1) a 32-year-old who was convicted

eight years previously for possession of narcotics, who received a minor sentence and as to whom there were no subsequent convictions, and (2) a 22-year-old who almost five years previously received a suspended sentence on a conviction for possession of narcotics and, other than a probation violation for which she served "a short period of time in jail," was the subject of no subsequent convictions. To me a determination undergirded by law soundly recognized by the judge and findings articulately explicated can hardly be said to be so wide of the mark as to be a clear abuse of discretion.

Accordingly, I respectfully dissent. I would affirm.