247 N.J. Super. 392 (1991)
589 A.2d 630
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
REYNALDO LAGARES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 1991.
Decided April 19, 1991.
*394 Before MICHELS, BRODY and D'ANNUNZIO.
Theresa Yvette Kyles, Assistant Deputy Public Defender, argued the cause for appellant (Wilfredo Caraballo, Public Defender, attorney; Theresa Yvette Kyles, of counsel and on the brief).
Robert E. Bonpietro, Deputy Attorney General, argued the cause for respondent (Robert J. Del Tufo, Attorney General of New Jersey, attorney; Robert E. Bonpietro, of counsel and on the letter brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Tried to a jury, defendant Reynaldo Lagares was found guilty of (1) possession of a controlled dangerous substance, to wit cocaine, a third degree crime, in violation of N.J.S.A. 2C:35-10a(1) (Count One); (2) possession with intent to distribute cocaine, a third degree crime, in violation of N.J.S.A. 2C:35-5a(1) (Count Two), and (3) distribution of cocaine, a third degree crime, in violation of N.J.S.A. 2C:35-5 (Count Three). The trial court denied defendant's motion for a judgment of *395 acquittal notwithstanding the verdict and his motion for a new trial and granted the State's motion for the imposition of an extended term on the ground that defendant was a persistent offender pursuant to N.J.S.A. 2C:43-6f. The trial court then merged defendant's convictions for possession of cocaine under Count One and for possession with intent to distribute cocaine under Count Two into his conviction for distribution of cocaine under Count Three and committed defendant to the custody of the Commissioner of the Department of Corrections for seven years with a three year parole ineligibility period. In addition, the trial court assessed a $1,000 Drug Enforcement Demand Reduction (DEDR) penalty, a $50 forensic laboratory fee and a $30 Violent Crimes Compensation Board penalty and suspended defendant's New Jersey driver's license for six months. Defendant appeals.
Defendant seeks a reversal of his convictions or alternatively, a modification of his sentence on the following grounds set forth in his brief:
I. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR IN RULING THAT DEFENDANT'S PRIOR DRUG CONVICTIONS COULD BE ADMITTED INTO EVIDENCE FOR IMPEACHMENT PURPOSES, THEREBY DEPRIVING DEFENDANT OF A FAIR TRIAL. (U.S. CONST., AMENDS. V, VI AND XIV; N.J. CONST. (1947), ART. 1, PARS. 9 AND 10).
II. N.J.S.A. 2C:43-6f, UNDER WHICH DEFENDANT WAS SENTENCED TO AN EXTENDED TERM OF IMPRISONMENT AS WELL AS A MANDATORY MINIMUM TERM, VIOLATES THE DOCTRINE OF SEPARATION OF POWERS AND DEFENDANT'S RIGHTS TO EQUAL PROTECTION AND DUE PROCESS OF LAW. (U.S. CONST., ART. III; AMEND. XIV; N.J. CONST. (1947), ART. I, PAR. 1; ART. III, PAR. 1).
III. THE EXTENDED TERM IMPOSED HEREIN IS MANIFESTLY EXCESSIVE.
IV. N.J.S.A. 2C:35-15, WHICH PROVIDES FOR MANDATORY DRUG ENFORCEMENT AND DEMAND REDUCTION (DEDR) PENALTIES TO BE IMPOSED ON ALL PERSONS CONVICTED OF OFFENSES ENUMERATED IN THE COMPREHENSIVE DRUG REFORM ACT OF 1986 N.J.S.A. 2C:35-15 ET SEQ., VIOLATES THE DEFENDANT'S RIGHTS TO EQUAL PROTECTION AND DUE PROCESS AND IS CRUEL AND UNUSUAL PUNISHMENT. (NOT RAISED BELOW).
*396 We have carefully considered these contentions and all the arguments advanced by defendant in support of them and find that they are clearly without merit. R. 2:11-3(e)(2). However, further discussion will provide guidance with respect to some of these contentions.

I.
We are satisfied that the trial court did not err in admitting defendant's prior convictions for purposes of impeachment. Admission of prior convictions is governed by N.J.S.A. 2A:81-12, which provides:
Interest or conviction of crime as affecting credibility.
For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence....
The decision to admit a prior conviction under this statute against a criminal defendant "rests within the sound discretion of the trial judge." State v. Sands, 76 N.J. 127, 144, 386 A.2d 378 (1978). See State v. Whitehead, 104 N.J. 353, 358, 517 A.2d 373 (1986); State v. Hutson, 211 N.J. Super. 49, 53, 510 A.2d 706 (App.Div. 1986), aff'd, 107 N.J. 222, 526 A.2d 687 (1987). The trial judge has wide latitude in this area. State v. Sands, 76 N.J. at 144, 386 A.2d 378. "Ordinarily evidence of prior convictions should be admitted and the burden of proof to justify exclusion rests on the defendant." Id. at 144, 386 A.2d 378. See State v. Morris, 242 N.J. Super. 532, 543-45, 577 A.2d 852 (App.Div. 1990).
When exercising the broad discretion entrusted to them, trial judges should be guided by the following principles:
The key to exclusion is remoteness. Remoteness cannot ordinarily be determined by the passage of time alone. The nature of the convictions will probably be a significant factor. Serious crimes, including those involving lack of veracity, dishonesty or fraud, should be considered as having a weightier effect than, for example, a conviction of death by reckless driving. In other words, a lapse of the same time period might justify exclusion of evidence of one conviction, and not another. The trial court must balance the lapse of time and the nature of the crime to determine whether the relevance with respect to *397 credibility outweighs the prejudicial effect to the defendant. Moreover, it is appropriate for the trial court in exercising its discretion to consider intervening convictions between the past conviction and the crime for which the defendant is being tried. When a defendant has an extensive prior criminal record, indicating that he has contempt for the bounds of behavior placed on all citizens, his burden should be a heavy one in attempting to exclude all such evidence. A jury has the right to weigh whether one who repeatedly refuses to comply with society's rules is more likely to ignore the oath requiring veracity on the witness stand than a law abiding citizen. If a person has been convicted of a series of crimes through the years, then conviction of the earliest crime, although committed many years before, as well as intervening convictions, should be admissible. [State v. Sands, 76 N.J. at 144-45, 386 A.2d 378].
In the final analysis, "N.J.S.A. 2A:81-12 does not mandate that every prior conviction be admitted into evidence to affect credibility." Id. at 147, 386 A.2d 378. However, the trial judge should admit a prior conviction "unless in his discretion he finds that its probative force because of its remoteness, giving due consideration to relevant circumstances such as the nature of the crime, and intervening incarcerations and convictions, is substantially outweighed so that its admission will create undue prejudice." Id.
Our review of the record reveals that the trial court did not mistakenly exercise its discretion in admitting defendant's 1982 convictions for possession of marijuana and possession with intent to distribute marijuana. Certainly, the jury was entitled to know this information in assessing defendant's truthfulness in the event he testified. Moreover, these convictions clearly have a bearing on defendant's credibility and are not so distant in time as to be prejudicial, being only seven years old. See State v. Morris, 242 N.J. Super. at 545, 577 A.2d 852; State v. McBride, 213 N.J. Super. 255, 267, 517 A.2d 152 (App.Div. 1986); State v. Harkins, 177 N.J. Super. 397, 401, 426 A.2d 1053 (App.Div. 1981).

II.
Contrary to defendant's argument, N.J.S.A. 2C:43-6f, which provides for an extended term of imprisonment with a mandatory parole ineligibility term, does not violate the doctrine of *398 separation of powers or defendant's constitutional rights to equal protection and due process of law because the prosecutor must make an application to the court to invoke the statute. N.J.S.A. 2C:43-6f provides:
A person convicted of manufacturing, distributing, dispensing or possessing with intent to distribute any dangerous substance or controlled substance analog under N.J.S. 2C:35-5, of maintaining or operating a controlled dangerous substance production facility under N.J.S. 2C:35-4, of employing a juvenile in a drug distribution scheme under N.J.S. 2C:35-6, leader of a narcotics trafficking network under N.J.S. 2C:35-3, or of distributing, dispensing or possessing with intent to distribute on or near school property or buses under section 1 of P.L. 1987, c. 101 (C. 2C:35-7), who has been previously convicted of manufacturing, distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog, shall upon application of the prosecuting attorney be sentenced by the court to an extended term as authorized by subsection c. of N.J.S. 2C:43-7, notwithstanding that extended terms are ordinarily discretionary with the court. The term of imprisonment shall, except as may be provided in N.J.S. 2C:35-12, include the imposition of a minimum term. The minimum term shall be fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater, not less than seven years if the person is convicted of a violation of N.J.S. [2C:]35-6, or 18 months in the case of a fourth degree crime, during which the defendant shall be ineligible for parole.
The court shall not impose an extended term pursuant to this subsection unless the ground therefor has been established at a hearing. At the hearing, which may occur at the time of sentencing, the prosecutor shall establish the ground therefor by a preponderance of the evidence. In making its finding, the court shall take judicial notice of any evidence, testimony or information adduced at the trial, plea hearing, or other court proceedings and shall also consider the presentence report and any other relevant information.
For the purpose of this subsection, a previous conviction exists where the actor has at any time been convicted under chapter 35 of this title or Title 24 of the Revised Statutes or under any similar statute of the United States, this State, or any other state for an offense that is substantially equivalent to N.J.S. 2C:35-3, N.J.S. 2C:35-4, N.J.S. 2C:35-5, N.J.S. 2C:35-6 or section 1 of P.L. 1987, c. 101 (C. 2C:35-7).
First, we are satisfied that N.J.S.A. 2C:43-6f does not violate the separation of powers doctrine set forth in Article 3, Paragraph 1 of the New Jersey Constitution of 1947. "The separation of powers doctrine is a principle shared by many other states as well as the federal government. Its purpose is to safeguard the `essential integrity' of every branch of government." Gilbert v. Gladden, 87 N.J. 275, 281, 432 A.2d 1351 *399 (1981) (citations and footnote omitted). The separation of powers doctrine provides:
The powers of the government shall be divided among three distinct branches, the legislative, executive, and judicial. No person or persons belonging to or constituting one branch shall exercise any of the powers properly belonging to either of the others, except as expressly provided in this Constitution. [N.J. Const. of 1947, art. III, para. 1.]
"[W]hile the doctrine of separation of powers is designed to prevent a single branch from claiming or receiving inordinate power, there is no bar to cooperative action among the branches of government. On the contrary, the doctrine necessarily assumes the branches will coordinate to the end that government will fulfill its mission." Brown v. Heymann, 62 N.J. 1, 11, 297 A.2d 572 (1972). As the Court in State v. Leonardis, 73 N.J. 360, 370-71, 375 A.2d 607 (1977), found:
It is important to note that the separation of powers doctrine does not require an absolute division of powers among the three branches of government, or as Chief Justice Vanderbilt stated, "division of government into three ... watertight compartments." Vanderbilt, The Doctrine of Separation of Powers and its Present-Day Significance 50 (1953). See also In Re Investigation Regarding Ringwood Fact Finding Committee, 65 N.J. 512, 519 [324 A.2d 1] (1974); David v. Vesta Co., 45 N.J. 301, 324 [212 A.2d 345] (1965); Massett Building Co. v. Bennett, 4 N.J. 53, 57 [71 A.2d 327] (1950); Robinson v. Cahill, 67 N.J. 333, 377 [339 A.2d 193] (1975) (Mountain, Clifford, J.J., dissenting), cert. den. sub nom., Klein v. Robinson, 423 U.S. 913, 96 S.Ct. 217, 46 L.Ed.2d 141 (1975). The aim of the constitutional provision is not to prevent cooperative action among the three branches of government, but to guarantee a system of checks and balances. This notion of a blending of powers is expressed in various opinions by both this Court and the United States Supreme Court, interpreting the State and Federal Constitutions. In Brown v. Heymann, 62 N.J. 1 [297 A.2d 572] (1972), Chief Justice Weintraub explained:
It is well to repeat that while the doctrine of separation of powers is designed to prevent a single branch from claiming or receiving inordinate power, there is no bar to cooperative action among the branches of government. On the contrary, the doctrine necessarily assumes the branches will coordinate to the end that government will fulfill its mission. [62 N.J. at 11, 297 A.2d 572].
This same theme  approving cooperative effort among the three branches of government  was expressed by Justice Jackson in Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 72 S.Ct. 863, 96 L.Ed. 1153 (1952); "[w]here the Constitution diffuses power the better to secure liberty, it also contemplates that practice will integrate the dispersed powers into a workable government." *400 343 U.S. at 635, 72 S.Ct. at 870, 96 L.Ed. at 1199 (Jackson, J., concurring). And Judge Gibbons of the Third Circuit recently described the doctrine as calling for "[a] dispersal of decisional responsibility in the exercise of each power, as distinguished from a separation of powers...." Gibbons, "The Interdependence of Legitimacy," 5 Seton Hall L.Rev. 435, 436 (1974). See also Davis, Administrative Law Treatise § 1.09 at 68 (1958) ("The danger is not blended power. The danger is unchecked power.").
Consistent with this analytical framework, sentencing power has never been the exclusive province of the judiciary. For example, the Legislature defines crimes and prescribes punishment for them. The Legislature may enact mandatory sentencing statutes which restrict the court's sentencing decisions. See State v. Des Marets, 92 N.J. 62, 80-81, 455 A.2d 1074 (1983). The Governor holds the power to pardon a defendant whom a court has sentenced to prison and that power is not reviewable by any court. See State v. Mangino, 17 N.J. Super. 587, 591, 86 A.2d 425 (App.Div. 1952). See N.J. Const. of 1947, art. V, § 2, para. 1. The prosecutor, who determines what charges are to be brought against a defendant, is initially deciding the extent of a defendant's sentencing exposure. See State v. Todd, 238 N.J. Super. 445, 460-61, 570 A.2d 20 (App. Div. 1990).
N.J.S.A. 2C:43-6f cannot reasonably be read or construed as transferring the court's sentencing power to the prosecutor. The requirement that the prosecutor must make an application for the imposition of an extended term under N.J.S.A. 2C:43-7c does not remove the sentencing authority from the court and delegate it to the prosecutor. The prosecutor's sole role under N.J.S.A. 2C:43-6f is to make the application which triggers the statute's mandatory sentencing provisions. Once the prosecutor makes that application, a hearing must be held by the court to determine whether the prosecutor can establish by a preponderance of the evidence those grounds for an extended term. It is for the court to determine whether the prosecutor satisfied its burden in this regard. Cf. State v. Alvarez, 246 N.J. Super. 137, 586 A.2d 1332 (App.Div. 1991); State v. Cengiz, 241 N.J. Super. 482, 490-98, 575 A.2d 504 (App.Div.), certif. denied, 122 *401 N.J. 402, 585 A.2d 400 (1990); State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990). If the prosecution has carried its burden, the court, not the prosecutor, determines the sentence to be imposed within the extended term range. See State v. Jefimowicz, 119 N.J. 152, 163, 574 A.2d 428 (1990). "So long as a statute does not wrest from courts the final discretion to impose sentence, it does not infringe upon the constitutional division of responsibilities." People v. Eason, 40 N.Y.2d 297, 302, 386 N.Y.S.2d 673, 676, 353 N.E.2d 587, 589 (N.Y. 1976). See State v. Benitez, 395 So.2d 514 (Fla. 1981); State v. Alvarez, 246 N.J. Super. 137, 586 A.2d 1332 (App.Div. 1991); Eldridge v. State, 418 So.2d 203, 207 (Ala.Cr.App. 1982). See also State v. Todd, 238 N.J. Super. 445, 455-57, 570 A.2d 20 (App.Div. 1990). Thus, while the prosecutor's application is necessary to trigger the mandatory provisions of N.J.S.A. 2C:43-6f, the prosecutor has no authority, absent an agreement with defendant under N.J.S.A. 2C:35-12, regarding the ultimate sentence imposed. That authority is reposed pursuant to the Code of Criminal Justice solely in the sentencing court, and therefore, the statute does not violate the separation of powers doctrine.
Second, we are satisfied that defendant's constitutional right to equal protection is not violated by N.J.S.A. 2C:43-6f. The statute provides for both mandatory extended terms and mandatory parole ineligibility periods and those penalties are rationally related to the State's interest. The State's interests are well defined in N.J.S.A. 2C:35-1.1c, which, in pertinent part, states:
In order to be effective, the battle against drug abuse and drug-related crime must be waged aggressively at every level along the drug distribution chain, but in particular, our criminal laws must target for expedited prosecution and enhanced punishment those repeat drug offenders and upper echelon members of organized narcotics trafficking networks who pose the greatest danger to society. In order to ensure the most efficient and effective dedication of limited investigative, prosecutorial, judicial and correctional resources, it is the policy of this State to distinguish between drug offenders based on the seriousness of the offense, considering principally the nature, quantity and purity of the controlled substance involved, and the role of *402 the actor in the overall drug distribution network. It is the intention of the Legislature to provide for the strict punishment, deterrence and incapacitation of the most culpable and dangerous drug offenders, and to facilitate where feasible the rehabilitation of drug dependent persons so as ultimately to reduce the demand for illegal controlled dangerous substances and the incidence of drug-related crime. [Emphasis added].
Third, defendant's claim that N.J.S.A. 2C:43-6f denies him due process of law is also without merit. Insofar as most rights are concerned, a state statute does not violate substantive due process if the statute reasonably relates to a legitimate legislative purpose and is neither arbitrary nor discriminatory. If a statute is supported by a conceivable rational basis, it will withstand a substantive due process attack. See Greenberg v. Kimmelman, 99 N.J. 552, 563, 494 A.2d 294 (1985). However, if a fundamental right is involved, the court must apply a more exacting standard. Here, no fundamental right is at issue. Therefore, N.J.S.A. 2C:43-6f withstands a substantive due process attack since it reasonably relates to a legitimate legislative purpose. Furthermore, the statute is neither arbitrary nor discriminatory because it clearly sets forth those prior crimes which can trigger the imposition of a mandatory extended term. Moreover, the initial discretion given to a prosecutor whether to seek an application for an extended term of imprisonment does not make the statute either arbitrary or discriminatory.

III.
We are also satisfied that contrary to defendant's contention, the sentence imposed here was neither manifestly excessive nor unduly punitive. It did not represent a miscarriage of justice or shock the judicial conscience. See State v. O'Donnell, 117 N.J. 210, 215-16, 564 A.2d 1202 (1989); State v. Jarbath, 114 N.J. 394, 401, 555 A.2d 559 (1989); State v. Ghertler, 114 N.J. 383, 387-88, 393-94, 555 A.2d 553 (1989); State v. Roth, 95 N.J. 334, 364-65, 471 A.2d 370 (1984).

IV.
Finally, we are satisfied that the Drug Enforcement Demand and Reduction penalties of N.J.S.A. 2C:35-15 do not violate *403 defendant's constitutional rights in any respect. State in the Interest of W.M., 237 N.J. Super. 111, 113, 567 A.2d 217 (App. Div. 1989); State in the Interest of L.M., 229 N.J. Super. 88, 550 A.2d 1252 (App.Div. 1988), certif. denied, 114 N.J. 485, 555 A.2d 609 (1989). See also State v. Bulu, 234 N.J. Super. 331, 560 A.2d 1250 (App.Div. 1989).

V.
Accordingly, the judgment of conviction and order for commitment under review are affirmed.