118 N.J. Super. 320 (1972)
287 A.2d 461
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JESUS NEGRON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 17, 1972.
Decided February 15, 1972.
*321 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Arthur Penn, First Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. John L. Schantz, Assistant Prosecutor, argued the cause for respondent (Mr. John S. Kuhlthau, Middlesex County Prosecutor, attorney).
PER CURIAM.
Defendant was indicted for taking away a female under 18 from the custody of her parents with intent to carnally abuse her and "use her for immoral purposes," and he was convicted. The statute involved is N.J.S.A. 2A:86-3, which reads, so far as pertinent:
Any person who conveys or takes away an unmarried female, under the age of 18 years, with or without her consent, from the possession, custody or governance and against the will of her father, mother, guardian or other person having her lawful custody, with intent to marry or carnally abuse her, or to use her for immoral purposes, * * * is guilty of a misdemeanor.
*322 The trial court charged the jury as to the meaning of "for immoral purposes" as follows:
`Immorality, members of the jury, is not necessarily confined to matters sexual in nature. In considering this issue, that is, whether the defendant intended to use Maria for immoral purposes, I instruct you that the word "immoral" is defined as anything inconsistent with rectitude, purity or good morals. Synonymous words are corrupt, indecent, depraved, dissident.
`The word "purpose" means the object, effect or result aimed at, intended or attained.
`Therefore, an immoral purpose is one which is violative of conscience or moral law or inconsistent with purity, or rectitude or good morals.'
The evidence on the State's case could have left the jury with a reasonable doubt whether defendant had taken the girl with an intent to carnally abuse her. However, the proofs were that he did keep her out overnight and spend the night in bed with her. The jury could well have found that the defendant took her with the intent of keeping her (a 15-year-old girl) out overnight or spending the night in bed with her, and that either such intent was contrary to "purity, rectitude or good morals."
We agree with defendant's contention that in the context of a criminal statute the crime, as defined by the judge in respect of "immoral purposes," was too vague to apprise the public adequately of the conduct intended to be proscribed. The range of types of conduct which some substantial segment of the public might deem inconsistent with "purity, rectitude or good morals," but some other might not, is so vast and variegated that the statutory language, as construed by the trial judge, leaves too speculative the test for ascertaining the line separating guilty from innocent acts to meet constitutional requirements. Ricks v. District of Columbia, 134 U.S. App. D.C. 201, 414 F.2d 1097, 1101 (D.C. Cir.1968); State v. Musser, 118 Utah 537, 223 P.2d 193 (1950), and State v. Vallery, 212 La. 1095, 34 So. 329 (Sup. Ct. 1948), are all in point.
However, we find the statute constitutional on the reasonable interpretation of the language, "for immoral purposes," *323 as meaning, by employment of the doctrine ejusdem generis, "for immoral purposes of a sexual character." The other illegal purposes specified by the statute are carnal abuse and marriage. Both connote use of the female, taken away from the parents, of a sexual nature. It is therefore reasonable to suppose the Legislature intended, by the omnibus phrase, "or to use her for immoral purposes," to punish the taking away, etc., with the intent of use of the female for immoral purposes of a sexual character or nature. See United States v. Bitty, 208 U.S. 393, 28 S.Ct. 396, 52 L.Ed. 543 (1907); Cleveland v. United States, 329 U.S. 14, 67 S.Ct. 13, 91 L.Ed. 12 (1946); United States v. Baker, 136 F. Supp. 546 (S.D.N.Y. 1955). Where an interpretation of a statute is reasonably entertainable which will save it from invalidity it should be resorted to.
Since the court incorrectly defined the crime charged there must be a reversal of the conviction.
For purposes of the retrial, the court should not instruct the jury, as it did here, that defendant did in fact convey and take away the girl, within the meaning of the statute, but should leave that conclusion of fact for determination by the jury.
Reversed and remanded for a new trial.