241 N.J. Super. 372 (1990)
575 A.2d 45
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARNULFO RAMIREZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 11, 1990.
Decided June 1, 1990.
*373 Before Judges KING, BAIME and KEEFE.
Kahn, Reiter, Matlin, Grabler & Garces, attorneys for appellant (Dennis I. Kahn, on the brief).
Robert J. Del Tufo, Attorney General of New Jersey, attorney for plaintiff-respondent (Larry R. Etzweiler, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Defendant Arnulfo Ramirez was sentenced to a ten year prison term with a two year parole disqualifier and assessed other fines and penalties for first degree possession of cocaine with intent to distribute it after he pled guilty to that offense. *374 He now appeals only from the prison term imposed, contending that it was not in accord with the plea agreement he negotiated with the prosecutor pursuant to N.J.S.A. 2C:35-12.
On appeal defendant contends that the sentencing judge misinterpreted the plea agreement. He claims that the agreement with the prosecutor was for a flat five year term and that the judge was bound by the terms of the statute to impose that sentence. Consequently, defendant asks us to vacate the sentence entered below and exercise original jurisdiction for the purpose of sentencing defendant to five years imprisonment pursuant to the plea agreement. Our review of the record satisfies us that the sentence imposed in the Law Division must be vacated. We decline to exercise original jurisdiction, however, and instead remand the matter for further consideration in accordance with this opinion.
The problems presented by this appeal arose from the fact that defendant's arrest and commencement of plea negotiations came close on the heels of the passage of N.J.S.A. 2C:35-12. The statute became operative on July 9, 1987. Defendant was arrested on July 28, 1987 and his attorney began plea negotiations with the prosecutor's office in September, 1987 while defendant was confined to jail in default of bail.
The statute in pertinent part states:
Whenever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole, or a mandatory extended term which includes a period of parole ineligibility, the court upon conviction shall impose the mandatory sentence unless the defendant has pleaded guilty pursuant to a negotiated agreement or, in cases resulting in trial, the defendant and the prosecution have entered into a post-conviction agreement, which provides for a lesser sentence or period of parole ineligibility. [N.J.S.A. 2C:35-12].
The record clearly reflects that defendant was cooperating with the prosecutor's office by providing information relative to drug distribution within the county and sources of drug supply both before and after his indictment on three counts of drug *375 related activity in anticipation of a negotiated agreement as contemplated by the statute.[1]
On April 11, 1988 the parties appeared before the Assignment Judge of the county to place a plea agreement on the record. The record reflects that the defendant agreed to plead guilty to count two of the indictment, charging defendant with possession with intent to distribute cocaine in a quantity exceeding five ounces and containing at least 3.5 grams of pure free base drug, a first degree offense. Additionally, he agreed to execute a consent judgment in a related civil case, allowing the State to take possession of and title to both his car and the approximately $30,000 in cash which was found in his home at the time of the execution of the search warrant. For its part, the State promised to move for the dismissal or the merger of the remaining counts of the indictment; to recommend a 12 year prison term with three years of parole ineligibility; to abandon its attempt to obtain title, through forfeiture, to defendant's home; and to consent to defendants release on bail pending sentencing.
Not placed on the record at that time, but nonetheless an essential part of the agreement, was the fact that the defendant's cooperation and the State's interest in agreeing to a lesser sentence was ongoing. Unfortunately, that information was not conveyed to the Assignment Judge because of the parties' misconception of the powers granted to the prosecutor by the passage of N.J.S.A. 2C:35-12. The State's brief best explains the reasoning which motivated the parties' silence.

*376 The parties were of the opinion that this type of `alteration' as a reward for defendant's cooperation was sanctioned and indeed encouraged by N.J.S.A. 2C:35-12. It was apparently because of the statutory authorization contained in N.J.S.A. 2C:35-12 that the parties concluded that it was unnecessary explicitly to place upon the record at the April 11, 1988 sentencing proceedings that the existing terms of the bargain could be altered as a reward for defendant's continuing cooperation.
Sentencing was adjourned on two occasions because of defendant's ongoing cooperation. The judge assigned to sentence defendant was advised only of defendant's cooperation as the reason for the postponements. Apparently, unknown to the judge, negotiations concerning the length of defendant's sentence were also continuing as a quid pro quo for defendant's cooperation.
Ultimately, the matter was scheduled for sentencing on February 10, 1989. On February 2, 1989 the assistant prosecutor in charge of the case wrote to the sentencing judge advising him of the "State's position with regard to [defendant's] sentence." In addressing the April 11, 1988 plea agreement, the assistant prosecutor wrote:
Furthermore, it was expressly agreed between the parties that the defendant would continue to cooperate with the Somerset County Prosecutor's Office even until the time he was sentenced on his plea of guilty. It was because of the defendant's continuing cooperation that there have been several requested adjournments in the sentencing date of this matter.
In accordance with the agreement between the parties the State wishes to make the Court fully aware of the extent of the cooperation furnished to law enforcement authorities by this defendant. The defendant was primarily responsible for the arrest of five additional individuals, the seizure of more than one-half million dollars worth of high-grade cocaine, and the institution of forfeiture proceedings against two automobiles utilized in the narcotic distribution for which the five individuals were arrested.
The extent of the defendant's cooperation has been significant, it was cooperation rendered in good faith, and we wish the Court to be aware of the defendant's continuing cooperation even after he entered his guilty plea some ten months ago.
Accordingly, and in view of the provisions of N.J.S.A. 2C:35-12, the State respectfully requests that Your Honor take into account this cooperation and impose upon the defendant a maximum sentence of five years in a New Jersey State Prison.
*377 At sentencing, defendant's counsel contended that the five year term referred to in the February 2nd letter was the final plea agreement and was the appropriate sentence. He also maintained that if the court disagreed with that interpretation defendant should be free to withdraw his plea. The judge, however, interpreted the letter as merely a recommendation by the State rather than an essential ingredient of the plea agreement. The judge maintained that the plea agreement and defendant's expectation for sentencing was limited to the record of April 11, 1988. Unfortunately an assistant prosecutor other than the one who authored the February 2nd letter appeared at the sentencing. When asked whether he had anything to say after the judge gave his interpretation of the plea agreement and the letter, he expressed no disagreement with the judge's interpretation. Thereafter, the judge rejected the State's "recommendation" of a five year flat term and sentenced defendant as previously described.
We understand how the February 2nd letter could be viewed by the sentencing judge as only a recommendation rather than an expression of the ultimate terms of the plea agreement concerning the length of sentence. The letter makes only a fleeting reference to the statute and is couched in precatory and advisory terms.
However, whatever ambiguity existed at the time of sentencing was dispelled in a letter dated April 18, 1989 addressed to the same sentencing judge and in response to defendant's motion for reconsideration of the sentence. The letter, authored by the same assistant prosecutor who wrote the February 2nd letter, stated in part:
[I]t is our position that N.J.S.A. 2C:35-12 requires the imposition of that term since the statute contemplates situations, such as this one, involving post-conviction agreements between the defendant and the prosecution which provide for a lesser sentence than otherwise required by law.[2]
*378 Defendant's new and current counsel argued that the prosecutor's April 18th letter now made it clear that, as defendant had always maintained, "this plea agreement of April 11, 1988 wasn't final by its terms." In concluding his argument defense counsel stated:
My position today is either [Y]our Honor can go along with a post-conviction plea agreement of five years with no parole stipulation, or to permit the defendant to retract the plea agreement and go back to Square One.[3]
In reply to counsel's argument, the sentencing judge said:
First, let me say I reject the suggestion made by defense counsel that there was a later plea agreement that was agreed upon by the parties as a result of what counsel refers to as a meeting of the minds, although never reflected in any specific document evidencing that.
There was nothing in the plea agreement that the defendant entered into which gave the Prosecutor any powers to limit the Court's discretion with respect to a sentence. And I believe that the defendant got everything he bargained for.
I suspect or I guess that a defendant could enter into a plea agreement with the Prosecutor if the Prosecutor agrees to provide that prior to sentencing, the Court  the Prosecutor, rather, will submit a sentencing recommendation and that the defendant may not be sentenced to a prison term in excess of what's in the recommendation of the State.
And presumably, if that were the situation, then the Court could not lawfully and properly impose a sentence which would be above that recommended by the Prosecutor's Office.
But this plea agreement didn't say that, so I see no basis upon which to change the sentence and the motion will be denied.
In maintaining that the plea agreement was fixed by the April 11, 1988 record, regardless of the State's clear admission that such was not the full agreement, the judge erred.
However, the parties also grievously erred in not advising the judge of the full particulars of the agreement at the *379 time the plea was originally entered on the record.[4] Indeed, even if they had done so such open-ended plea agreements are fraught with uncertainties and ambiguities concerning the defendant's rights stemming from his future cooperation. For example, it is unclear what defendant would have been entitled to under the agreement had the parties not ultimately agreed on the reduced sentence. Needless to say this ongoing "carrot and stick" method of plea negotiation after the entry of a guilty plea is highly inappropriate and specifically disapproved. As indicated earlier, we attribute this unorthodox behavior to unfamiliarity with the new statute and a misperception of the prosecutor's powers under it.
Having expressed our disapproval of counsels' conduct we are, nevertheless, convinced that the defendant should not suffer where it is clear that the agreement was simply not what the plea transcript reveals. It is axiomatic that where defendant is sentenced under a plea agreement the sentence must adhere to the defendant's expectations stemming from the agreement or the court must reject the agreement. State v. Marzolf, 79 N.J. 167, 183, 398 A.2d 849 (1979). Here both the State and defendant agree that defendant had an expectation that he would receive a five year flat sentence. He did not receive such a sentence and, thus, the judgment of conviction and sentence must be vacated.
That is not to say that on remand the sentencing judge must impose the sentence negotiated by the prosecutor and the defendant pursuant to N.J.S.A. 2C:35-12. The record reflects the sentencing judge's concerns about the constitutionality of the statute should he have found that the prosecutor's letters of February 2 and April 18, 1989 were more than a recommendation. *380 That issue, however, has been recently resolved in State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990) in which we upheld the constitutionality of the statute and held that the sentencing judge, rather than the prosecutor, has the final decision as to whether the negotiated plea agreement should or should not be carried out. Id. at 460-61, 570 A.2d 20. Thus, the matter is remanded for further consideration in light of Todd.
The facts of this case suggest another issue. However, because the issue was not briefed we simply frame the question so that it can be fully briefed and considered by the sentencing judge on remand. N.J.S.A. 2C:35-12 provides in part that:
The negotiated plea or post-conviction agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, a specified period of parole ineligibility, a specified fine, or other disposition.
The range of "ordinary" sentence for the first degree offense to which defendant pled guilty is 10 to 20 years with a mandatory minimum term at or between one-third and one-half of the sentence imposed. N.J.S.A. 2C:43-6a(1); N.J.S.A. 2C:35-5b(1).[5] The negotiated prison term of five years in this case was at the lowest end of the ordinary range of sentences for second degree offenses, not the first degree offense to which this defendant pled guilty. The question presented is whether the Legislature intended to limit the prosecutor's discretion in negotiating a plea agreement under N.J.S.A. 2C:35-12 to the range of sentences permitted for the degree of crime to which defendant pleads guilty, or whether a negotiated sentence for an offense one degree lower than defendant pleads guilty would be appropriate so long as the State can prove that the criteria of N.J.S.A. 2C:44-1f(2) are also satisfied.
Reversed and remanded.
NOTES
[1] The indictment in question charged defendant with third degree possession of a Schedule II controlled dangerous substance, namely cocaine, contrary to the provisions of N.J.S.A. 2C:35-10a(1) (count one); first degree possession of the same substance with intent to distribute it, in a quantity exceeding five ounces, and containing at least 3.5 grams of pure free base drug, contrary to the provisions of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(1) (count two); and with second degree conspiracy to distribute the controlled dangerous substance, contrary to the provision of N.J.S.A. 2C:35-5a(1), N.J.S.A. 2C:35-5b(1), and N.J.S.A. 2C:5-2 (count three).
[2] We disagree with the letter's characterization of the negotiated plea agreement as a "post-conviction" agreement. Post-conviction agreements as referred to in N.J.S.A. 2C:35-12 may occur only "in cases resulting in trial." The agreement in question was simply a negotiated plea agreement the full terms of which were not placed on the record when defendant pled guilty.
[3] We note that counsel now argues on appeal that the agreement must be specifically enforced and that the sentencing judge does not have the option to reject the agreement.
[4] We recognize that, at times, concerns of confidentiality may come into play. If so, the proceedings may take place in camera and the record sealed. Thus, confidentiality is not an acceptable reason for failing to place the full agreement on the record.
[5] Because this was defendant's first offense, he was not subject to an extended term. N.J.S.A. 2C:43-6f.