249 N.J. Super. 565 (1991)
592 A.2d 1234
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROLANDO LUGO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted July 8, 1991.
Decided July 18, 1991.
*566 Before Judges BRODY and DREIER.
Wilfredo Caraballo, Public Defender, attorney for appellant (Nancy L. Musser, Designated Counsel, of counsel and on the brief).
Ronald S. Fava, Passaic County Prosecutor, attorney for respondent (Terry Bogorad, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
After his motion to suppress had been denied, defendant pled guilty to third-degree receiving stolen property, a violation of N.J.S.A. 2C:20-7, and third-degree unlawful possession of a controlled dangerous substance (CDS) within 1,000 feet of a school with the intent to distribute, a violation of N.J.S.A. 2C:35-7. Pursuant to a plea agreement the trial judge imposed concurrent four-year prison terms, one year of the CDS sentence to be served before parole eligibility.
*567 The facts are not in dispute. Defendant was stopped by police and arrested after they learned that he was operating a stolen automobile. The police impounded the vehicle. Two days later, while the vehicle was still impounded, police received a telephone tip from an unidentified person that "contraband" would be found in the vehicle under the front passenger seat. Acting on the tip, the police pulled out the front seat and found under it a brown paper bag containing 40 envelopes of heroin.
Defendant argues that in the circumstances the search cannot be considered a routine inventory of the vehicle and therefore the police acted unreasonably by failing to obtain a search warrant. Both sides rely on State v. Pace, 171 N.J. Super. 240, 250, 408 A.2d 808 (App.Div. 1979), certif. denied 84 N.J. 384, 420 A.2d 314 (1980). There police arrested the defendant because he was operating a stolen automobile. While searching the vehicle at the scene of the arrest for evidence of ownership, the police found in the trunk a locked attache case with the defendant's initials on it. When they forced open the case, they found a handgun inside. Defendant was convicted of possessing the stolen vehicle and unlawfully possessing the gun.
The issue we addressed there was whether the defendant had a reasonable expectation of privacy respecting the contents of a locked attache case that he kept in an automobile he knew had been stolen. Id. at 247, 408 A.2d 808. After noting the merit of the State's argument that the defendant had no reasonable expectation of privacy in these circumstances, we felt compelled by federal constitutional law to conclude otherwise:
However, the sweeping language of the United States Supreme Court in United States v. Chadwick, supra, [433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977)] and its progeny, especially Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), establishes principles which mandate a contrary result. [Id. at 247, 408 A.2d 808.]
The Supreme Court cases cited required police to obtain a warrant before opening a closed container found during a lawful search. Defendant here contends that the brown paper bag was a closed container.
*568 We are no longer under the mandate of the federal cases because the United States Supreme Court has overruled them in California v. Acevedo, ___ U.S. ___, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). We therefore need not reach the result we were required to reach in Pace. A defendant operating an automobile known by him to have been stolen has no reasonable expectation of privacy respecting contraband he had hidden in it  no matter how the contraband is packaged. If, as here, the police had the right to conduct a warrantless full search of an automobile at the scene of an arrest, they may lawfully search it anywhere and seize whatever evidence they find even if it is in a closed container such as a paper bag. Id. at ___, 111 S.Ct. at 1991-93.
Defendant, for the first time on appeal, challenges the constitutionality of N.J.S.A. 2C:35-7. We reject the arguments for reasons we have previously given. State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990); State v. Ogar, 229 N.J. Super. 459, 471-472, 551 A.2d 1037 (App.Div. 1989).
Affirmed.