NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1883-13T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DQWAN A. TAYLOR,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

May 12, 2015

APPELLATE DIVISION

Argued January 6, 2015 — Decided May 12, 2015

Before Judges Fisher, Accurso and Manahan.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 12-09-1420.

Alyssa Aiello, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Ms. Aiello, of counsel and on the brief).

Steven A. Yomtov, Deputy Attorney General, argued the cause for respondent (John J. Hoffman, Acting Attorney General, attorney; Mr. Yomtov, of counsel and on the brief).

The opinion of the court was delivered by

MANAHAN, J.S.C. (temporarily assigned)

    Defendant, Dqwan A. Taylor, appeals the trial court's denial of his motion to suppress evidence seized by police

officers after a warrantless search of a stolen motor vehicle in which he was a passenger. Because the issue presented relative to defendant's knowledge of the motor vehicle's status was unanswered by the record, we are constrained to remand for further proceedings.

On April 18, 2012, at approximately 1:28 a.m., New Jersey State Troopers Goncalves and Brown were on routine patrol on the New Jersey Turnpike when they observed a white Lexus ES 350 bearing New York license plates weaving in the left lane and traveling at a high rate of speed.

The troopers activated the overhead lights of the patrol vehicle to initiate a motor vehicle stop. The motor vehicle pulled over to the shoulder of the highway and came to a complete stop. Three individuals were inside the motor vehicle; Lastacia Harmon, the driver, Louis Bailey, the front seat passenger, and defendant, the rear seat passenger.

Trooper Goncalves approached the motor vehicle from the passenger side, identified himself, and requested from Harmon her driver's license and registration. Harmon provided a driver's license but was unable to produce the registration. Harmon informed the trooper that the car did not belong to her and that she did not know the whereabouts of the paperwork for the motor vehicle.

The trooper inquired about the motor vehicle's ownership and the whereabouts of the occupants. Bailey responded the car belonged to "a friend" and was borrowed for the day. No other details were provided regarding the "friend." Harmon informed the trooper they had been in New York visiting friends and were on their way back to Atlantic City. While Trooper Goncalves spoke with Harmon and Bailey, defendant appeared to be asleep in the rear seat.

Trooper Goncalves returned to his patrol vehicle and contacted dispatch. The troopers were informed that the license plate on the Lexus was registered to a black 2011 Kia Optima. While Goncalves returned to the motor vehicle to speak with the occupants, Trooper Brown checked the motor vehicle identification number (VIN) on the Lexus and contacted dispatch for verification. The VIN number came back to a Lexus reported stolen five months earlier in Atlantic City.

After additional troopers arrived, Harmon, Bailey and defendant were ordered out of the car, placed under arrest, searched and given Miranda warnings. The troopers then conducted a search of the motor vehicle's trunk and passenger compartment. The search revealed two handguns, one located under the driver's seat and one located in the trunk.

A-1883-13T4

All three occupants were transported to the barracks. At the barracks, the suspects were searched again. The second search produced two white, rock-like substances in the small pocket above the right front pocket of Bailey's jeans that was suspected to be crack cocaine.

After again being advised of their Miranda rights, an interview was conducted of each occupant. None of them acknowledged ownership of the weapons.

The motor vehicle was impounded and towed to a private yard. Several days thereafter at the impound lot, an attendant entered the motor vehicle to search for the keys so he could move the car. In the course of the search, the attendant discovered a gun magazine.

Defendant filed a motion to suppress which was joined by Harmon and Bailey. The motion was opposed by the State. After oral argument, the court denied the motion. The court found the defendants did not have a reasonable expectation of privacy as they were occupants of a stolen vehicle. The court cited this court's decision in State v. Lugo, 249 N.J. Super. 565 (App. Div. 1991) and employed the analysis set forth by the Supreme Court in State v. Hempele, 120 N.J. 182 (1990).

The court held:

> Now, I'd like to note initially that the defendant operating an automobile known

A-1883-13T4

by him to have been stolen has no reasonable expectation of privacy in its contents. State v. Bohuk, 269 N.J. Super. 581, [(App. Div. 1994)].

But in State v. Lugo . . ., the Appellate Division admitted evidence found in a stolen vehicle after relying on cases in which  - - a case it cited in which the defendant had knowledge that the car was stolen.

However, in the court's opinion, the facts relied on by the court did not note whether the defendant in that case was aware that the car was stolen or not stolen.  So, it was not relevant to the analysis in Lugo whether a defendant had knowledge that the car had been stolen or not.

Here, assuming these defendants had an expectation of privacy, [that they were] unaware . . . that the vehicle had been stolen, even though Harmon . . . was unable to turn over the vehicle registration and ownership documents, and the defendants were unable to articulate from whom they obtained the Lexus, the Lexus that they were in at the time, I conclude that there is no reasonable expectation of privacy.

And I emphasize the word "reasonable" expectation of privacy in a stolen car as a matter of law.  Therefore, this court concludes that since there is no reasonable expectation . . . in a stolen motor vehicle, the search . . . conducted by the State Troopers without a warrant was lawful, and therefore, defendants' motion to suppress the evidence must be denied.

The court then added:

And the reason . . . I'm making this decision . . . and not conducting an evidentiary hearing is because there are a certain set of limited facts that are not in

dispute, and because I'm making a determination that as a matter of law, it is unreasonable for there to exist an expectation of privacy, that it is - - it is an expectation that I conclude that society will never recognize as legitimate.

On appeal, the defendant raises the following argument:

POINT I

BASED ON A FLAWED INTERPRETATION OF STATE v. LUGO . . ., THE TRIAL COURT ERRONEOUSLY REACHED THE UNSOUND CONCLUSION THAT A PASSENGER HAS NO EXPECTATION OF PRIVACY IN A STOLEN CAR, EVEN IF HE HAD NO KNOWLEDGE THAT THE CAR WAS STOLEN AND REASONABLY BELIEVED THAT THE DRIVER WAS IN LAWFUL POSSESSION OF IT.

The State argues that defendant had no reasonable expectation of privacy in the motor vehicle, and therefore, the police did not need a warrant to search.[1]

Although we accept the trial court's findings of fact that are "supported by sufficient credible evidence in the record," State v. Gamble, 218 N.J. 412, 424 (2014) (citing State v. Elders, 192 N.J. 224, 243 (2007)), we need not defer to the trial court's legal conclusions reached from the established

---

[1] The State raised an alternative argument of inevitable-discovery during oral argument on the motion which the court rejected. No evidence of a police inventory policy was adduced at the hearing. The exception's applicability requires the finding that, notwithstanding that the police violated the law, the State "would have pursued established investigatory procedures that would have inevitably resulted in the discovery of the controverted evidence . . . ." State v. Sugar, 100 N.J. 214, 240 (1985).

facts. State v. Jefferson, 413 N.J. Super. 344, 352 (App. Div. 2010). "'If the trial court acts under a misconception of the applicable law,' we need not defer to its ruling." Ibid. (quoting State v. Brown, 118 N.J. 595, 604 (1990)).

We first address defendant's argument he had a reasonable expectation of privacy. The Fourth Amendment of the United States Constitution and Article I, Paragraph 7 of the New Jersey Constitution protect against "unreasonable searches and seizures." U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7. A search triggering constitutional scrutiny occurs when government agents intrude into an area where an individual has "a reasonable 'expectation of privacy[.]'" See Terry v. Ohio, 392 U.S. 1, 9, 88 S. Ct. 1868, 1873, 20 L. Ed. 2d 889, 899 (1968) (citing Katz v. United States, 389 U.S. 347, 361, 88 S. Ct. 507, 516, 19 L. Ed. 2d 576, 587-88 (1967) (Harlan J., concurring)); see also State v. Hinton, 216 N.J. 211, 229 (2013).

Absent a reasonable expectation of privacy in the place or thing searched, an individual is not entitled to protection under either the Fourth Amendment or Article I, Paragraph 7 of the New Jersey Constitution. Rakas v. Illinois, 439 U.S. 128, 148-49, 99 S. Ct. 421, 433, 58 L. Ed. 2d 387, 404-05 (1978); Hinton, supra, 216 N.J. at 239-40 (holding that because defendant lacked an objectively reasonable expectation of

privacy in the apartment police searched, the "police action in his apartment was not a 'search' for purposes of either the Fourth Amendment of the United States Constitution or Article I, Paragraph 7 of the New Jersey Constitution").

Our Supreme Court has held that individuals have a reasonable expectation of privacy in garbage placed in opaque bags, Hempele, supra, 120 N.J. at 255, and bank records maintained by third parties. State v. McAllister, 184 N.J. 17, 30-33 (2005). On the other hand, a defendant has no reasonable expectation of privacy in a vacant building with an opened and unlocked front door, State v. Perry, 124 N.J. 128, 149-50 (1991), or in a known stolen vehicle, Lugo, supra, 249 N.J. Super. at 568.

Whether an individual has an expectation of privacy requires a fact-sensitive analysis. For Fourth Amendment purposes, to determine whether a person has a reasonable expectation of privacy in a place or object, courts must make "a two-part inquiry: first, has the individual manifested a subjective expectation of privacy in the object of the challenged search? Second, is society willing to recognize that expectation as reasonable?" Cal. v. Ciraolo, 476 U.S. 207, 211 106 S. Ct. 1809, 1811, 90 L. Ed. 2d 210, 215 (1986). Unlike the federal two-part inquiry, the New Jersey constitutional standard

does not require the defendant to prove a subjective expectation of privacy. Hinton, supra, 216 N.J. at 236. Rather, "Article I, Paragraph 7 of the New Jersey Constitution 'requires only that an expectation of privacy be reasonable.'" Ibid. (citing Hempele, supra, 120 N.J. at 200).

"[E]xpectations of privacy are established by general social norms," and must align with the "aims of a free and open society." Hempele, supra, 120 N.J. at 200-01 (citations and internal quotation marks omitted). Under federal law, defendants have the burden of proving they had a legitimate expectation of privacy in the place or object searched. Rawlings v. Ky., 448 U.S. 98, 104-05, 100 S. Ct. 2556, 2561, 65 L. Ed. 2d 633, 641 (1980). "Under state law, a 'defendant must show that a reasonable or legitimate expectation of privacy was trammeled by government authorities.'" Hinton, supra, 216 N.J. at 233 (quoting State v. Evers, 175 N.J. 355, 368-69 (2003)).

In the case before us, we conclude that the question of whether defendant had a reasonable expectation of privacy in the motor vehicle cannot be solely determined as a matter of law, but requires a fact-sensitive inquiry. Such an inquiry is required since we decline the State's invitation to formulate a bright—line rule, as a matter of law, that an individual operating or occupying a stolen motor vehicle, regardless of

their knowledge of its status, does not have a reasonable expectation of privacy.

In State v. Pace, 171 N.J. Super. 240, 244-45 (App. Div. 1979), certif. denied, 84 N.J. 384 (1980), the defendant was operating a motor vehicle later determined through a records check to be stolen. After the defendant was arrested, the police conducted an inventory search of the motor vehicle for evidence of ownership. Id. at 245. The police located, forced open, and searched a locked attaché case found in the trunk. Ibid. The defendant later pled guilty to receiving stolen property, i.e., the motor vehicle. Id. at 250.

On appeal, the court noted the State's argument that defendant had no reasonable expectation of a right to privacy in any article placed in the stolen motor vehicle. Id. at 247. We noted, "[W]ere we approaching this issue as one of first impression, we might be persuaded that this position has merit." Ibid. However, citing United States v. Chadwick, 433 U.S. 1, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977) and Arkansas v. Sanders, 442 U.S. 753, 99 S. Ct. 2586, 61 L. Ed. 2d 235 (1979), we found the search of the attaché case violated the defendant's reasonable expectation of privacy. Pace, supra, 171 N.J. Super. at 247-50.

In <u>Lugo</u>, the defendant was stopped by police and arrested after they learned he was operating a stolen motor vehicle. <u>Lugo</u>, <u>supra</u>, 249 <u>N.J. Super.</u> at 567. The police impounded the motor vehicle. <u>Ibid.</u> Two days later, while the motor vehicle remained impounded, police received an anonymous tip that contraband would be found in the motor vehicle. <u>Ibid.</u> Acting thereupon, the police located a brown paper bag under the passenger seat containing heroin. <u>Ibid.</u> We determined, based upon the United States Supreme Court decision in <u>Cal. v. Acededo</u>, 500 <u>U.S.</u> 565, 111 <u>S. Ct.</u> 1982, 114 <u>L. Ed.</u> 2d 619 (1991) which overruled <u>Chadwick</u> and <u>Sanders</u>, we "need not reach the result we were required to reach in <u>Pace</u>." <u>Lugo</u>, <u>supra</u>, 249 <u>N.J. Super.</u> at 568. We added that "a defendant operating an automobile known by him to have been stolen has no reasonable expectation of privacy respecting contraband he had hidden in it . . . ." <u>Ibid.</u>[2]

In <u>State v. Bohuk</u>, 269 <u>N.J. Super.</u> 581, 595 (App. Div. 1994), a case cited by the motion judge, we cited <u>Lugo</u> and noted that "a defendant operating an automobile known by him to have

___

[2] Defendant was not charged with "Receiving Stolen Property" which requires proof of knowledge or belief the property has been stolen. <u>N.J.S.A.</u> 2C:20-7(a). None of the statutory requisites supporting presumption of knowledge would apply herein. <u>N.J.S.A.</u> 2C:20-7(b).

11 <span style="float:right">A-1883-13T4</span>

been stolen has no reasonable expectation of privacy in its contents."

In view of our reading of <u>Pace</u>, <u>Lugo</u> and <u>Bohuk</u>, which specifically address the issue of knowledge, we reject the State's "strict liability" argument that knowledge of the motor vehicle's status is irrelevant to a determination of a reasonable expectation of privacy. To be sure, one can envision other settings where an "unknowing occupier" of a stolen motor vehicle would have a reasonable expectation of privacy that would not offend societal norms.

The State also argues it was defendant's burden to demonstrate, at the time of the motion, that he had a reasonable or legitimate expectation of privacy. <u>Evers</u>, <u>supra</u>, 175 <u>N.J.</u> at 369. Without further consideration of that issue, we reject the State's argument that defendant "waived" his opportunity to present evidence to meet his burden as the motion was determined after oral argument based upon the agreement of the parties and the court. Therefore, no facts were developed on the issue of defendant's knowledge.[3] In light of the agreed upon procedure,

---

[3] We are mindful that, after the motion was denied, defendant entered a guilty plea to second-degree unlawful possession of a firearm. During the plea colloquy, defendant admitted he knew the vehicle was stolen. Whether, or to what extent, that admission may be used at the hearing now required by today's
(continued)

it would be fundamentally unfair to conclude defendant waived the opportunity to present such evidence.

Remanded in conformity with this decision. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

(continued)
decision should be considered in the first instance by the trial judge.

A-1883-13T4